IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 1:15-cv-02301-CMA-CBS

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

DONALD J. LESTER,
RUBICON ALLIANCE, LLC,
CFI FUND, LLC, and
NUPOWER, LLC,

          Defendants,

EQUITY EDGE PREFERRED INCOME FUND I, LLC,
EQUITY EDGE, LLC, and
EQUITY EDGE COMPANIES, LLC,

          Relief Defendants.

---

## STIPULATED RULE 502(D) ORDER

---

The parties agree that the inadvertent production of any privileged or otherwise

protected information in this litigation is not a waiver of the privilege or protection in this

case or in any other federal or state proceeding.  This Order shall be interpreted to

provide the maximum flexibility allowed by Federal Rule of Evidence 502(d).

(a) If, in connection with the pending litigation, a party (the "Disclosing Party")

inadvertently discloses information subject to any claim of privilege, including attorney-

client privilege or attorney work product protection ("Inadvertently Disclosed

Information"), the disclosure of the Inadvertently Disclosed Information shall not

constitute or be deemed a waiver or forfeiture of any claim of privilege or work product

protection that the Disclosing Party would otherwise be entitled to assert with respect to

the Inadvertently Disclosed Information and its subject matter in this case or in any other federal or state proceeding.

(b) If a claim of inadvertent disclosure is made in writing by a Disclosing Party with respect to Inadvertently Disclosed Information, the party who received the Inadvertently Disclosed Information ("Receiving Party") shall, at the Disclosing Party's request, within five (5) business days, sequester, return, or destroy all copies of the Inadvertently Disclosed Information and confirm in writing that all such Inadvertently Disclosed Information has been sequestered, returned, or destroyed. Once the Disclosing Party makes a claim of inadvertent disclosure, the Receiving Party must refrain from viewing such material or using such material in any way. Whether Inadvertently Disclosed Information is sequestered, rather than returned or destroyed, depends on Receiving Party's challenge to the assertion of privilege. If Receiving Party does not challenge the assertion of privilege, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and confirm in writing that all such Inadvertently Disclosed Information has been returned or destroyed.  If Receiving Party does challenge the assertion of privilege, the Receiving Party shall sequester the Inadvertently Disclosed Information and, within five (5) business days, shall notify the Disclosing Party of the disagreement regarding the Inadvertently Disclosed Information's privileged status. If the parties are unable to resolve the disagreement, the Receiving Party shall, within ten (10) business days of first notifying Disclosing Party of its disagreement regarding the Inadvertently Disclosed Information's privileged status, file a motion with the Court challenging the assertion of privilege by the Disclosing Party (a "Privilege Motion"). The Privilege Motion shall not

attach or reveal Inadvertently Disclosed Information or shall be filed under seal, and the

Privilege Motion shall not assert as a ground for entering such an Order the fact or

circumstances of the inadvertent production. After the filing of a Privilege Motion, the

Receiving Party shall continue to refrain from viewing or using the material in any way

unless and until the Court makes a determination as to its proper designation or

disposition.

(c) In the event the Receiving Party believes that the Disclosing Party

inadvertently produced privileged or protected material, the Receiving Party shall notify

the Disclosing Party in writing and identify the suspected privileged or protected material

within five (5) business days of such discovery.  Once the Receiving Party believes that

there has been an inadvertent disclosure, the Receiving Party must refrain from viewing

such material or using such material in any way pending resolution of the privilege

claim. Within five (5) days of notification by the Receiving Party, the Disclosing Party

must make a claim of privilege in writing.  The parties shall thereafter follow the

procedures and terms specified in Section (b) of this agreement.

(d) The Disclosing Party shall preserve and maintain a copy of all Inadvertently

Disclosed Information in the form in which it was produced until the termination of all

litigation in this matter, including any appeals.

(e) In order to mitigate the time and expense associated with privilege logs, the

parties agree that certain privileged and confidential communications do not need to be

included in a privilege log.  These communications include (i) privileged and confidential

communications between Holland & Hart and Defendants and Relief Defendants; and

(ii) privileged and confidential communications between SEC employees.  The parties

also agree that documents and tangible things prepared by Holland & Hart or the SEC in anticipation of litigation in this case, or for trial in this case, do not need to be placed on a privilege log.

(f) The parties agree that Defendants' and Relief Defendants' communications with other counsel, and SEC communications with other governmental agencies outside the SEC, shall be logged if responsive to discovery in this matter.  The parties further agree that any privilege log prepared in this matter may log: (i) an email and all of its attachments in a single entry, but with each attachment described; and (ii) related email strings in a single entry, identifying the date range of the email and all of the participants collectively (even if some participants are included in only certain emails within the string) and the subject matter(s) generally.  The parties agree that such entries shall be sufficient to preserve any assertion of privilege for each individual item within the collective as though each was set forth on the log individually.

 APPROVED:

s/Mark L. Williams
Mark L. Williams
Danielle Voorhees
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout Street, Suite 1700
Denver, CO 80294
(303) 844-1000
williamsml@sec.gov
voorheesd@sec.gov


**Counsel for Plaintiff**

s/ Matthew J. Smith
Matthew J. Smith
Brian Neil Hoffman
Jessica J. Smith
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Telephone: (303) 295-8000
Fax: (303) 295-8261
mjsmith@hollandhart.com
bnhoffman@hollandhart.com
jjsmith@hollandhart.com

**Counsel for Defendants and Relief Defendants**

Dated this 28th day of January, 2016.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge